*CV-S-00-0260*

*CV-S-00-0260-0001*

*03/01/2000*

*A / /*

*CV-S-00-0260*

*CV-S-00-0260-0001*

*03/01/2000*

ORIGINAL

1  ROBERT J. KOSSACK, ESQ.
   Nevada Bar No. 2734
2  **KOSSACK LAW OFFICES**
   4535 W. Sahara, Suite 101
3  Las Vegas, Nevada  89102
   *Attorney for Plaintiff*



## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

CV-S-00-0260-JBR-LRL

NATALIE DURANTE;
CLASS OF COMMUNITY COLLEGE
SOUTHERN NEVADA STUDENTS,

　　　　　　Plaintiffs,

v.

STATE OF NEVADA; COMMUNITY
COLLEGE OF SOUTHERN NEVADA;         **COMPLAINT**
ARLIE J. STOPS,

　　　　　　Defendants.

　　　**COMES NOW**, Plaintiff, NATALIE DURANTE, by and through her attorney, ROBERT J. KOSSACK, ESQ., of KOSSACK LAW OFFICES, and herein, upon information and belief, complains and alleges as follows:

　　　**Jurisdiction and Venue**

　　　1.　Plaintiff's federal claim arises pursuant to 5 USC § 552a; jurisdiction properly lies in this Court pursuant to 28 USC § 1331 (Federal question); and Plaintiffs invoke this Court's supplemental jurisdiction pursuant to 28 USC § 1367 to hear Plaintiffs' pendent state tort claims; venue properly lies in the unofficial Southern Division of the State of Nevada

pursuant to 42 USC § 1391(b)(2) in that a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Clark County, Nevada.

**Parties**

2. Lead Plaintiff, Natalie Durante ("Durante"), is and was at all times relevant to this complaint, a citizen of the United States and a resident of Clark County, Nevada.

3. Plaintiffs, Class of Southern Nevada Community College Students ( the "Class"), are all students who registered at Community College of Southern Nevada ("CCSN") from January 1, 1998, to the present, who would not have provided their Social Security account numbers on their applications or their tuition checks had they been notified whether the disclosure was mandatory or voluntary, or if they had been notified by what statutory or other authority such number was solicited, or if they had been notified what uses would be made of their Social Security account numbers, or who removed their Social Security account numbers from their CCSN school records, or who did not provide their Social Security account numbers on their enrollment applications or their tuition checks to CCSN.

4. Durante sues on behalf of herself and on behalf of the Class and requests certification of the Class pursuant to FRCP 23 for the following reasons:

A.  The members of the Class are so numerous that joinder of all members is impracticable;

B.  There are questions of law or fact common to the members of the Class;

. . . .

2

1  C.  The claims or defenses of Durante are typical of the
2  claims or defenses of the members of the Class; and,
3  D.  Durante will fairly and adequately protect the
4  interests of the members of the Class.
5  E.  The relief sought for the class is injunctive only.
6  5.  Defendant, State of Nevada ("State"), is and was at all
7  times relevant to this Complaint, a sovereign state of the United
8  States of America.  CCSN is a department and agency of the State.
9  6.  Defendant, Arlie J. Stops ("Stops"), is the Associate
10 Vice President for the CCSN Office of Admissions & Records.  At
11 all times relevant to this Complaint, Stops was acting within the
12 scope and course of his employment with State and was acting
13 under color of law.

**Statement of facts**

15 7.  Durante is registered as a student at CCSN.
16 8.  When Durante enrolled to take classes at CCSN in the
17 Spring of 1998, she and all members of the Class, were asked to
18 disclose their Social Security account numbers on their
19 enrollment applications without being informed whether the
20 disclosure was mandatory or voluntary or by what statutory
21 authority their Social Security account numbers were solicited or
22 for what uses would be made of them.  As a result, Durante and
23 all or most other members of the Class, provided their Social
24 Security account numbers on their CCSN enrollment applications.
25 9.  Durante and all other members of the Class were also
26 requested to disclose their Social Security account numbers on
27 their tuition checks without being informed whether the
28 disclosure was mandatory or voluntary or by what statutory

3

authority their Social Security account numbers were solicited or for what uses would be made of them. As a result, Durante and all or most of the other members of the Class provided their Social Security account numbers on their CCSN tuition checks.

10. Durante then learned the hazards of giving out her Social Security account number and of the benefits of maintaining her privacy, and on or about April, 1999, Durante was inconvenienced at needing to remove her Social Security account number from her CCSN school records. Other members of the Class also concerned with their privacy who removed their Social Security account number from their CCSN school records were similarly inconvenienced.

11. Because of a CCSN records system administered by Stops, Durante and all other members of the Class who removed their Social Security numbers from their CCSN school records were denied the following rights, benefits and/or privileges provided by law and granted or provided other CCSN students:

A. Durante and such other members of the Class could no longer use the CCSN telephone or WEB registration system to enroll in classes at CCSN.

B. Durante and such other members of the Class could no longer use the CCSN telephone or WEB registration system to drop classes at CCSN.

C. Durante and such other members of the Class could no longer use the CCSN telephone or WEB registration system to find out their individual grades at CCSN.

12. As a result of the CCSN records system administered by Stops, Durante has been inconvenienced on several occasions from

4

not being able to enroll in classes or find out her CCSN grades over the telephone, and other members of the Class who also removed their Social Security account numbers from their CCSN records have also been similarly inconvenienced by not being able to enroll in class, drop a class and/or find out their grades over the telephone or computer Internet.

13. As a result of the manner in which Stops administered and has been administering the CCSN Office of Admissions and Records as described herein, Durante and other members of the Class have been caused needless worry and inconvenience, and Durante has been thereby caused damaged in an amount in excess of $1,000.00.

**First Cause of Action**
**(Permanent Injunctive Relief)**

14. 5 USC § 552a states in pertinent part:

> Any...State...agency which requests an individual to disclose his social security account number shall inform that individual whether that disclosure is mandatory or voluntary, by what statutory or other authority such number is solicited, and what uses will be made of it.

15. 5 USC § 552a states in pertinent part:

> It shall be unlawful for any...State...agency to deny to any individual any right, benefit, or privilege provided by law because of such individual's refusal to disclose his social security account number.

16. The actions of Stops and the policies and procedures of CCSN's Admissions and Records Department violate the provisions of 5 USC § 552a.

17. Durante and the members of the Class are entitled to a permanent injunction prohibiting Stops from administering the

5

CCSN Office of Admissions and Records in such a manner that Durante and other members of the Class and future CCSN student applicants are requested to disclose their Social Security account numbers without being first notified whether the disclosure is mandatory or voluntary, by what statutory or other authority such number is solicited, and what uses will be made of it.

18. Durante and the members of the Class are entitled to a permanent injunction prohibiting Stops from administering the CCSN Office of Admissions and Records so as to require Durante and other members of the Class from needing to provide their Social Security account number in order to use the CCSN telephone and WEB registration system to enroll in classes, drop classes or find out their grades.

19. Durante is entitled to an award of costs and attorney's fees pursuant to 5 USC § 552a.

**Second Cause of Action**
**(42 USC § 1983)**

20. Stops under color of law has subjected Durante to the deprivation of rights secured by the laws of the United States of America causing her damages as described herein for which Stops is liable pursuant to 42 USC § 1983.

21. Durante and the members of the Class are entitled to an injunction as described in paragraphs 17 and 18 herein pursuant to 42 USC § 1983.

22. Durante is entitled to costs and attorney's fees pursuant to 42 USC § 1988.

. . . .

6

23. Stops acted pursuant to Nevada and CCSN policy in violating the federal statutory rights of Durante and the members of the Class and, therefore, Nevada is jointly and severally liable with Stops for the damages, injunctive relief, costs and attorney's fees requested herein pursuant to 42 USC § 1983 and 42 USC § 1988.

**Third Cause of Action**

24. Stops negligently violated 5 USC § 552a proximately causing Durante damages as described herein.

25. Stops acted outside the scope of his employment with State and/or acted wantonly or, alternatively, Stops acted within the scope of his employment with State and did not act wantonly, or any combination thereof, as may be determined by a jury at time of trial pursuant to NRS 41.03475 and 41.0348.

26. If Stops was acting within the scope of his employment with State and was not acting wantonly, then State is jointly and severally liable for the damages caused Durante by the negligent actions or inactions of Stops under the doctrine of *respondeat superior* and pursuant to Chapter 41 of the Nevada Revised Statutes.

**Prayer for relief**

27. **Wherefore,** Plaintiff Durante and all other members of the Class pray this Honorable Court grant them judgment against Defendants as follows:

28. A declaration that Stops' administration of the CCSN Office of Admissions and Records violates 5 USC § 552a.

. . . .

. . . .

7

29. A permanent injunction requiring Stops administer the CCSN Office of Admissions and Records in conformance with the following guidelines:

    A. That any person being requested to provide their Social Security account number to CCSN be notified whether such disclosure is mandatory or voluntary, by what statutory or other authority such number is solicited, and what uses will be made of it.

    B. That any person not providing their Social Security account number to CCSN or who has removed it from their CCSN records not be denied any right, benefit, or privilege provided by law to other CCSN students who provided their Social Security account number to CCSN, including, but not limited to, the ability to access the CCSN telephone and WEB registration systems to enroll in classes, drop classes or find out their grades, either by assigning such students a separate password or by some other method.

30. General damages to Durante in an amount in excess of $1,000.00.

31. Prejudgment interest at the legal rate from the time of the service of this Complaint upon the Defendants.

32. Costs of suit.

33. Reasonable attorney's fees.

34. Post judgment interest at the legal rate from the time of judgment.

. . . .

. . . .

. . . .

1     35. For such other and further relief as this Honorable
2 Court deems just, equitable and proper under the circumstances.
3     **Dated** this 29th day of February, 2000.
4                                 KOSSACK LAW OFFICES

6                  By: _____
7                     ROBERT J. KOSSACK, ESQ.
                     Nevada Bar No. 2734
                     4535 W. Sahara, Suite 101
8                      Las Vegas, Nevada  89102
                     (702) 253-7068
9                      *Attorney for Plaintiff,*
                     *Durante and the Class*

11                       **VERIFICATION**

12 STATE OF NEVADA)
              ) ss.
13 COUNTY OF CLARK)

14     I, NATALIE DURANTE, being first duly sworn, depose and say:
15     I am a Plaintiff in the above-entitled action; I have read
16 the foregoing Complaint and know the contents thereof; the same
17 is true of my knowledge except as to those matters therein stated
18 on information and belief and, as to those matters, I believe
19 them to be true.

20
21                          _____
                         NATALIE DURANTE

22 SUBSCRIBED and SWORN to before
   me this 29th day of February, 2000.
23
24 _____
   NOTARY PUBLIC in and for said
25 County and State

                    MICHELLE POZUCEK
                    NOTARY PUBLIC - STATE OF NEVADA
                    CLARK COUNTY
                    93-0005-1  My Appt. Expires February 28, 2001